# UNITED STATES NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS

————————————

## No. 201600396

————————————

### UNITED STATES OF AMERICA
Appellee

v.

### JAMES L. PLAGMANN, JR.
Staff Sergeant (E-6), U.S. Marine Corps
Appellant

————————————

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge: Lieutenant Colonel Eugene Robinson, Jr., USMC.
Convening Authority: Commanding General,
First Marine Aircraft Wing, Okinawa, Japan.
Staff Judge Advocate's Recommendation: Captain Gabriel D.
Boenecke, USMC.
For Appellant: Captain James Kresge, USMCR
For Appellee: Major Kelli O'Neil, USMC; Lieutenant Commander
Jeremy Brooks, JAGC, USN.

————————————

Decided 27 July 2017

————————————

Before MARKS, RUGH, AND JONES, *Appellate Military Judges*

————————————

**This opinion does not serve as binding precedent, but may be cited as persuasive authority under NMCCA Rule of Practice and Procedure 18.2.**

————————————

PER CURIAM:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of one specification of violating a general order and one specification of possession of child pornography, in violation of Articles 92 and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§

892 and 934 (2012).[1] The military judge sentenced the appellant to four years' confinement, reduction to pay grade E-1, total forfeitures, and a dishonorable discharge. In accordance with a pretrial agreement (PTA), the convening authority approved the sentence, suspended confinement in excess of 32 months, suspended adjudged forfeitures, waived automatic forfeitures for 6 months, and, except for the dishonorable discharge, ordered the sentence executed.

The appellant raises one assignment of error, averring that the government violated a material term of his PTA when it introduced evidence in aggravation during presentencing without giving proper notice as required by the PTA. We disagree.

After careful consideration of the record of trial and the pleadings of the parties, we conclude that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant occurred. Arts. 59(a) and 66(c), UCMJ.

## I. BACKGROUND

Over a two-and-a-half year period while stationed near Iwakuni, Japan, the appellant possessed numerous images and videos of young children engaged in graphic sexual activity, including oral and anal penetration. The appellant also used his official government travel card on several occasions to withdraw cash for personal use, in violation of Marine Corps Order 4600.40B.

During pretrial negotiations, the trial counsel provided to civilian defense counsel a draft stipulation of fact containing a list of evidence the trial counsel sought to enter "into evidence as Prosecution Exhibits for use in determining the accused's sentence."[2] Subsequently, the parties arrived at an agreement that provided, among other things, significant confinement and forfeiture protections in exchange for the appellant's pleas. The parties also agreed to a stipulation of fact; however, the final stipulation did not include the list of evidentiary items provided in the previous draft. Instead, the PTA included a sentencing evidence provision:

> The Government and [the appellant] agree not to object to relevant service record documents, . . . relevant Naval Criminal Investigative Service evidentiary material, . . . relevant statements offered by the Government in aggravation to include written [statements] . . . of any victim or relevant

---

[1] The appellant pled guilty to two specifications of possessing child pornography which were consolidated into a single specification by the military judge prior to announcing findings.

[2] Appellate Exhibit (AE) XXI at 4, 5.

witness, . . . being offered by either party in the pre-sentencing phase of the trial on the basis of foundation, hearsay, lack of confrontation, or authenticity. Each party will provide the other party final witness and exhibit lists covered by this paragraph at least five (5) calendar days prior to the scheduled pre-sentencing proceeding.[3]

The day before the appellant's plea, the trial counsel provided the defense copies of, or access to, all of the materials the government intended to introduce into evidence in presentencing the next day. These included the appellant's personnel records, discs containing samples of videos recovered from the appellant's computer, law enforcement computer forensic reports, and lengthy victim impact statements.

Prior to the entry of pleas, the defense objected to the admission of these documents, offered as Prosecution Exhibits (PE) 2 through 8, because the government failed to provide the required five days' notice. As a result, the defense argued, they were not bound by the provisions related to objections for foundation, hearsay, lack of confrontation, or authenticity in the PTA.

The military judge overruled the defense's objection, finding that the defense was placed on notice of the government's intended exhibit list through the draft stipulation of fact—which included all of the items offered as PE 2 through 8—and therefore the government had complied with the PTA. Regardless, the military judge proposed to delay presentencing for five days to permit the defense an opportunity to modify their case as appropriate. The defense declined the continuance. Finally, the military judge offered the appellant the opportunity to withdraw from the PTA. The appellant declined this offer, as well.

During presentencing, the defense renewed their objection to the exhibits. The military judge again overruled the objection but offered the appellant a second opportunity to withdraw from the PTA. He stated:

> So once again, the ultimate decision . . . rests with you, assuming that you want to proceed with the [PTA] to include the government's use of Prosecution Exhibits 2 and 4 through 8, each for identification.[4] If you want to withdraw from the [PTA], the Court will . . . allow you the opportunity to do so. If you want to proceed with the [PTA], likewise, the Court will

---

[3] AE XIX at 3.

[4] PE 3, two discs containing videos of child pornography recovered from the appellant, had been previously admitted and reviewed by the military judge in aid of his acceptance of the appellant's plea.

allow you to do so. Understand, the Court's ruling and your counsel's objection is overruled which means the Court will consider these exhibits. What is your desire?[5]

The accused replied, "I do not wish to withdraw from the pretrial agreement, Your Honor."[6]

## II. DISCUSSION

Interpretation of the "meaning and effect of a pretrial agreement . . . is a question of law, subject to review under a *de novo* standard." *United States v. Smead*, 68 M.J. 44, 59 (C.A.A.F. 2009) (citation omitted). "Whether the government has complied with the material terms and conditions of an agreement presents a mixed question of law and fact." *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006) (citations omitted). When an appellant pleads guilty pursuant to a PTA, the voluntariness of his plea hinges upon the government's performance of those promises made in order to secure the plea of guilty from the appellant. *United States v. Perron*, 58 M.J. 78, 82 (C.A.A.F. 2003).

The appellant bears the burden of establishing that a term or condition of the PTA was material to his decision to plead guilty, that the government failed to comply with that term or condition, and therefore that his plea was improvident. *Lundy,* 63 M.J. at 302. To assure that an appellant who has waived "bedrock constitutional rights and privileges," *United States v. Soto*, 69 M.J. 304, 306 (C.A.A.F. 2011), receives the benefit of his bargain, we look beyond the terms of the PTA itself and consider "the accused's understanding of the terms of an agreement as reflected in the record as a whole." *Lundy*, 63 M.J. at 301.

Assuming without deciding that the draft stipulation of fact failed to meet the notice requirement of the PTA, still, we decline to find that the five-day-notice provision was material to the appellant's decision to plead guilty.

Prior to the entry of pleas, the military judge informed the appellant of his intention to admit and consider PE 2 through 8 in presentencing. At the same time, he offered the appellant the opportunity to delay presentencing for five days as was provided for in the PTA. The appellant voluntarily declined this offer. On two separate occasions, the military judge permitted the appellant an opportunity to withdraw completely from the PTA. Again, the appellant declined both opportunities.

---

[5] Record at 73.

[6] *Id.*

With full knowledge of the military judge's interpretation of this PTA provision and full opportunity to either gain specific performance of a five-day waiting period or wholly withdraw from the agreement, nevertheless, the appellant chose to press on. As a result, we can comfortably conclude that the appellant viewed any non-compliance by the government as immaterial to his decision to plead guilty.

### III. CONCLUSION

The findings and the sentence, as approved by the convening authority, are affirmed.

For the Court

R. H. TROIDL
Clerk of Court